IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAGADISH DASHRATHLAL PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 07-83-CV-W-NKL |
| ) | |
| ) | |
| ALBERTO GONZALES, Attorney ) | |
| General of the United States of America, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Presently before the Court is a Motion for Summary Judgment [Doc. # 13] filed pursuant to Federal Rule of Procedure 56 ("Rule 56") by Plaintiff, Jagadish Dashrathlal Patel ("Patel"). Patel petitions the Court for a hearing on his naturalization application and requests that this Court either enter an order naturalizing him or remand the case to the United States Citizenship and Immigration Services ("USCIS") with appropriate instructions as provided by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b). *Id*. Also before the Court is a Motion to Dismiss, or in the Alternative, for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Rule 56 by Defendants Alberto Gonzales, Attorney General of the United States; Michael Chertoff, Secretary of the United States Department of Homeland Security; Michael Jaromin, District Director United States Citizenship and Immigration

1

Services; Dr. Emilio T. Gonzales, Director, United States Citizenship and Immigration Services; and Robert Mueller, III, Director, Federal Bureau of Investigations ("FBI"). (Doc. # 19.) Defendants argue that the Court does not have subject matter jurisdiction over this matter, or should remand it back to USCIS with no further instruction. For the reasons stated below, Patel's Motion for Summary Judgment is GRANTED and this matter is REMANDED to the USCIS to determine the matter within sixty (60) days of receiving a completed background security check from the FBI. Defendants' Motion is DENIED.

**I.      Facts**

This case arises from Defendants' purported failure to make a determination on Patel's application for naturalization after he filed a Form N-400 Application for Naturalization on December 12, 2005. (Perry Decl., 4.) Patel, who is a citizen of India, married a U.S. citizen and was granted permanent residence as of March 3, 2003. (Doc. # 13, 1.) Patel was interviewed August 1, 2006, at the Kansas City District Office of the USCIS. (Doc. # 13, Exhibit 1.) Patel passed the tests required for naturalization, but is awaiting the conclusion of the required security checks. *Id.* Applicants seeking naturalization are subject to a criminal background check to ensure they are eligible for naturalization and do not pose a risk to public safety. 8 C.F.R. 335.2. The FBI must clear the naturalization applicant through the National Name Check Program. (Perry Decl., 2.) Following the events of September 11, 2001, the FBI is working through a backlog of name checks that has resulted in significant delays in processing some requests. (Perry

2

Case 4:07-cv-00083-NKL   Document 24   Filed 09/24/07   Page 2 of 9

Decl., 5.) The USCIS submitted Patel's name to the FBI on December 19, 2005, but has not yet completed the check. (Perry Decl., 4.) Patel's application is beyond the date of applications now being processed by the USCIS. (Doc. # 13, 2.) As a result, Patel filed the present action for a hearing on his application or for an order remanding his application back to USCIS with instructions to approve the application and administer the oath.

## II. Legal Standards

### A. Motion to Dismiss

Defendants argue this case should be dismissed pursuant to Rule 12(b)(1) because § 1447(b) does not vest this Court with federal question jurisdiction to adjudicate Patel's claims. (Doc. # 27.) Federal courts are courts of limited jurisdiction and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The party asserting jurisdiction bears the burden of establishing that a cause lies within the federal court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." *Bender*, 475 U.S. at 541. "[J]udicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations." *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999).

### B. Summary Judgment

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006), citing *Gipson v. Immigration and Naturalization Service*, 284 F.3d 913, 916 (8th Cir. 2002). The summary judgment rule is intended "to isolate and dispose of factually unsupported claims" and should be applied to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

## III. Analysis

### A. Subject Matter Jurisdiction

Patel argues that § 1447(b) expressly grants this Court subject matter jurisdiction over his claim that his naturalization application has been unduly delayed. (Doc. # 13.) That section allows an applicant to request a hearing before a district court:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Congress has made its intent clear by explicitly naming the policy objectives underlying § 1447(b): (1) reducing waiting times for naturalization applications; (2) reducing the burdens on the courts and immigration agencies; (3) facilitating consistent and fair naturalization decisions; and (4) providing applicants a choice as to the forum in which

4

their applications were adjudicated. *United States v. Hovsepian*, 359 F.3d 1144, 1163-64 (9th Cir. 2004).

Patel argues that the "examination" in question is the applicant interview that was completed on August 1, 2006. (Doc. # 13, 5.) Patel argues that interview triggered the running of the 120-day period, giving this Court jurisdiction over this matter. *Id.* A clear majority of U.S. District Courts agree with Patel's position. *See, e.g.*, *Manzoor v. Chertoff*, 472 F. Supp.2d 801, 807 (E.D. Va. 2007); *Khelifa v. Chertoff*, 433 F. Supp.2d 836, 840-41 (E.D. Mich.2006); *El-Daour v. Chertoff*, 417 F. Supp.2d 679, 681-82 (W.D. Pa. 2005); *Hussein v. Gonzales*, 474 F. Supp.2d 1265, 1268 (M.D. Fla. 2007); *Castracani v. Chertoff*, 377 F. Supp.2d 71 (D.D.C. 2005); *Shalabi v. Gonzales*, Civil No. 06-866, 2006 WL 3032413 (E.D. Mo. Oct. 23, 2006); *Andron v. Gonzales*, 487 F. Supp. 2d 1089 (W.D. Mo. May 21, 2007). Patel suggests the majority view is correct because the plain language of the statute confers jurisdiction to U.S. District Courts for applications beyond the 120-day processing time and because Congress specifically intended to provide a remedy to applicants whose applications are delayed. Defendants respond that "examination" includes the requirement of a full criminal background check before naturalization can be determined. (Doc. # 19, 8); *see Danilov v. Aguirre*, 370 F. Supp.2d 441, 443-44 (E.D. Va. 2005) (finding jurisdiction did not vest until completion of FBI investigation). Several courts have found that the plain language in § 1447(b) requiring the 120-day period to begin on "the date on which the examination is conducted" suggests a specific event rather than a process. *See Shalabi*, 2006 WL 3032413 *4; *El-Daour*, 417

5

F. Supp.2d at 681-83; *Khelfia*, 433 F. Supp.2d at 841). The Court agrees with Patel. Without a set date for the examination, there would be no way to measure the 120 days, rendering that section meaningless. *Id.* Second, the statutory distinction between the investigation and the examination suggests they are "discrete events under the statutory scheme." *Id.* quoting *Shalabi*, 2006 WL 3032413 *4. Finally, the regulations promulgated by the USCIS make it clear that the investigation and the examination are separate and that the term "examination" means an individual event. 8 C.F.R. § 335.2(a) ("[E]ach applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.l of this chapter."); 8 C.F.R. § 335.2(b).

Defendants suggest that the Court lacks jurisdiction because the 120-day period does not start until that entire process is complete, which includes Patel's pending FBI background check. (Doc. # 19, 4-9). The INA does not define the term "examination." A consensus as to the meaning of "examination" as used in § 1447(b) appears to be forming in the district courts. However, the Eighth Circuit has not interpreted that statutory language. Defendants urge the Court to adopt the interpretation provided by the Fifth Circuit in *Walji v. Gonzales*, where the Fifth Circuit ruled that U.S. District Courts do not have subject matter jurisdiction over naturalization applications in which the FBI name check has not been completed. 489 F.3d 738 (5th Cir. 2007). Doing so, that court ruled, would render part of the statute "superfluous." *Id.* at 741. The Court declines to adopt the reasoning set forth in *Walji v. Gonzales*.

The language at issue has a plain and unambiguous meaning with respect to the

precise question at issue. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989). If the intent of Congress is clear, the Court "must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). "When reviewing a federal agency's interpretation of a federal statute, a federal court must defer to the agency's interpretation only if it finds that the agency's interpretation is consistent with the plain language of the statute or represents a reasonable interpretation of an ambiguous statute." *United States ex rel. Zissler v. Regents of Univ. of Minnesota*, 154 F.3d 870, 897 (8th Cir. 1998), citing *Chevron*, 467 U.S. at 842-45. Whether the meaning of statutory language is plain or ambiguous is determined by referring to the language itself, the context in which it is used, and the broader context of the statute as a whole. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340-41(1997) (citations omitted). The term "examination" as used in § 1447(b) clearly refers to the applicant's initial examination. The statute and federal regulations plainly indicate that the "examination" occurs on an identifiable date with particular components: tests on proficiency in the English language and understanding of U.S. history and government. 8 C.F.R. § 335.2 (c). The reference to a particular date indicates a single, specific event–the date of Patel's initial examination–rather than a process. Moreover, the date of his exam is the only date an applicant could reasonably be expected to "appear" before a USCIS officer. 8 C.F.R. § 335.2(a). Denying an applicant his or her remedy for delay because the government asserts general objections that the Name Check process is elaborate and unpredictable would clearly undermine the Congressional

7

objectives of reducing waiting times for naturalization applications and providing applicants a choice as to the forum which will adjudicate their applications. Denying subject matter jurisdiction would render § 1447(b) superfluous. *See Silebi De Donado v. Swacina*, No. 07-20190, 2007 WL 1417600 (S.D. Fla. May 14, 2007).

The Court acknowledges that language in § 1446 and § 1447(b) is not completely reconciled. However, any indication that the "examination" means more than the examination of the applicant is not enough to render § 1447(b) redundant by eliminating an applicant's ability to seek redress in U.S. District Courts for delayed application decisions - the clear intent of Congress. Accordingly, 1447(b) gives this Court subject matter jurisdiction over Patel's claim because more than 120 days have passed since Patel's examination on August 1, 2006.

### B. Remand

The plain language of § 1447(b) gives this Court jurisdiction to hold a hearing on the application and either determine the matter or remand the matter with appropriate instructions to USCIS. Patel requests that the Court conduct a hearing on his application for naturalization or remand the matter with specific instructions to approve the application and administer the oath. (Doc. # 13, 12.) Defendants ask that the Court decline to intercede and remand the matter back to the USCIS. (Doc. # 20, 3.) Defendants argue that if the Court chooses to determine the matter, it will still need a complete FBI background check before it can make a decision on Patel's naturalization application. *Id.* citing *Daami*, 2006 WL 1457862 at *6 (finding court in same position as

8

the agency given the statutory prohibition on adjudicating an application without a complete investigation), and *Manzoor*, 472 F.Supp. 2d at 808-09 (finding itself ill equipped to conduct background checks and recognizing the agency's ability to interpret the results of such checks and follow up appropriately).  The Court finds it proper to REMAND this matter to the USCIS with instructions to make a decision on Patel's application within sixty (60) days of receiving a completed background check from the FBI.  Because the Court elects the remedy of remand to USCIS, it does not address Defendants' arguments that this Court lacks mandamus jurisdiction under 28 U.S.C. § 1361 nor does it address the appropriate content of a hearing to make a determination on Patel's naturalization application.

Accordingly, Defendants' Motion is DENIED and Patel's Motion for Summary Judgment [Doc. # 13] is GRANTED IN PART and DENIED IN PART.  This matter is HEREBY REMANDED to the USCIS for resolution consistent with this Order.

IT IS SO ORDERED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  September 24, 2007  
Kansas City, Missouri

9